UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT C., <br>   Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br>   Defendant. | No. 3:22-cv-120 (SRU) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES IN ACCORDANCE WITH THE STIPULATION OF THE PARTIES**

Plaintiff Robert C. seeks an award of fees pursuant to the Equal Access to Justice Act (hereinafter "EAJA"). The stipulated-to fee award is granted.

**I.    Background**

Plaintiff applied for Social Security Disability Insurance Benefits on December 14, 2017, alleging disability beginning October 10, 2017. *See* Certified Transcript of the Administrative Record, Doc. No. 10, compiled on March 5, 2022, (hereinafter "Tr.") at 136, 403-09. Plaintiff's application was initially denied on June 25, 2018, Tr. 144-56, and upon reconsideration on January 11, 2019, Tr. 157-88.

On March 13, 2020, Plaintiff appeared and testified at a hearing before Administrative Law Judge ("ALJ") Eskunder Boyd. *See generally* Tr. 85-124. On March 31, 2020, the ALJ issued a partially favorable decision ("the first decision"). Tr. 193-212. On December 23, 2020, the Appeals Council granted Plaintiff's request for review of the ALJ's decision and remanded the decision to the ALJ for further adjudication. Tr. 213-28. On April 12, 2021, Plaintiff appeared and testified at a second hearing before the ALJ. Tr. 37-65. On April 29, 2021, the ALJ issued an unfavorable decision ("the second decision"). Tr. 193-212. On November 23, 2021, the Appeals Council denied Plaintiff's request for review of the second decision, thereby

making the ALJ's decision the final decision of the Commissioner. *See* Tr. 1-7. On January 23, 2022, represented by Attorney Olia Yelner, Plaintiff timely appealed that decision to this Court. *See* Doc. No. 1.

On March 20, 2022, the Commissioner (the "defendant" or "Commissioner") filed the official transcript. Doc. No. 10. On June 20, 2022, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. Doc. No. 16. On August 17, 2022, the Commissioner filed a Consent Motion for Voluntary Remand. Doc. No. 18. On August 23, 2022, I granted the defendant's Motion for Voluntary Remand. *See* Doc. No. 19. That same day, judgment entered in favor of Plaintiff. Doc. No. 20.

On November 17, 2022, Plaintiff filed a Motion for Attorney's Fees supported by Plaintiff's counsel's fee itemization. Docs. No. 21, 211. Thereafter, on December 6, 2022, the Commissioner filed a Stipulation for Allowance of Fees Under the EAJA (the "Stipulation"). Doc. No. 23. In the Stipulation, the parties "agree and stipulate that Plaintiff shall be awarded attorneys' fees in the amount of $8,000 under the [EAJA], 28 U.S.C. § 2412. Such award is made in full and final satisfaction (upon payment) of any and all claims under EAJA for fees, expenses, and costs." *Id*. at 1.

**II.     Standard of Review**

Although the parties have reached an agreement regarding the appropriate award of fees in this matter, I must review the record and determine whether the proposed award is reasonable. *See Shelley M. B. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 1605496 (D. Conn. May 20, 2022) (collecting cases). The plaintiff bears the burden of establishing entitlement to a fee award, and I have discretion to determine what fee is "reasonable." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983)).

2

**III.    Discussion**

Plaintiff's attorney claims fees for 36.7 hours of attorney work at a rate of $217.72 per hour, for a total fee of $8,301.79.  *See* Doc. No. 21-1.  The parties have reached an agreement under which the defendant would pay a reduced amount of $8,000.  Doc. No. 23.  I approve.

First, a fee award is appropriate.  A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA.  *See* 28 U.S.C. § 2412.  To enter an award of attorneys' fees under that statute, I must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment.  *Id.* § 2412(d)(1)(B).

Here, I find that Plaintiff has satisfied the requirements of 28 U.S.C. § 2412(d)(1)(B), and that an award of fees may enter.  One, I find that Plaintiff is a prevailing party in light of the Commissioner consenting to an order of remand of this matter for further administrative proceedings.  *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).  Two, I conclude that the government has conceded that the Commissioner's position was without substantial justification because it declined to oppose the motion to remand.  *See Coleman v. Comm'r of Soc. Sec.*, 2022 WL 669881, at *1 (S.D.N.Y. Mar. 7, 2022); *Soto v. Astrue*, 2010 WL 2026269, at *1 (E.D.N.Y. May 20, 2010).  Three, I determine that no special circumstances would make an award unjust.  Four, Plaintiff's fee petition was timely filed.[1]

Second, the fees sought are reasonable.  I must review counsel's time sheet to determine the reasonableness of the hours requested and to exclude time entries that "excessive, redundant,

---

[1] Entry of judgment starts the sixty-day period in which either party may appeal the case.  *Coleman*, 2022 WL 669881 at *2.  After the sixty-day appeal period expires, the plaintiff's thirty-day period to file an application for EAJA fees begins.  *Id.*  In this case, judgment entered on August 23, 2022; the sixty-day appeal period expired on October 22, 2022; and the plaintiff had until November 21, 2022 to move for EAJA fees.  Plaintiff's fee petition was filed on November 17, 2022.  Doc. No. 21.

or otherwise unnecessary." *Shelley M.B.*, 2022 WL 1605496, at *2 (quoting *Hensley*, 461 U.S. at 434). To do so, I assess "the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Rodriguez v. Astrue*, 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) (cleaned up).

Here, Plaintiff's counsel seeks payment for 36.7 hours of attorney work. Doc. No. 21-1. As a threshold matter, the hours expended appear reasonable. *See Poulin v. Astrue*, 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (providing that "routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute" and collecting cases). Each claimed fee also appears reasonable. Counsel seeks fees for, *inter alia*, reviewing the 1,694-page administrative transcript; preparing a well-reasoned motion to reverse and comprehensive memorandum of law; and compiling the medical history and statement of material facts. Further, I consider that the parties' fee stipulation "adds weight to the claim that the fee award claimed is reasonable." *Shelley M.B.*, 2022 WL 1605496, at *2

Taken together, I conclude that an award of $8,000 in fees is appropriate.

**IV.   Conclusion**

I **approve** the parties' Stipulation, doc. no. 23, **grant** Plaintiff's Motion for Attorney's Fees, doc. no. 21, in part, for the stipulated amount of $8,000.00.

So ordered.

Dated at Bridgeport, Connecticut, this 15 day of December 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge